UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESHAWN MAURICE HARRELL,

Plaintiff,

v.

JUDGE DUNLEAVY, et al.,

Defendants.

Case No. 25-cv-08502-NW

**ORDER SCREENING AND DISMISSING COMPLAINT**

Re: ECF No. 5

Plaintiff Eshawn Maurice Harrell, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. ECF No. 1. He also filed an application to proceed *in forma pauperis*. ECF No. 5. The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a). For the reasons outlined below, the Court **DISMISSES** the Complaint as specified below.

### I.     BACKGROUND

Harrell alleges that Denise Lee and Mark Campari misplaced his writ of habeas corpus. He also alleges that Judge Dunleavy sentenced him to eight months and miscalculated his good time credits, which entitled Harrell to release from custody. Judge Dunleavy also allegedly declined to place Harrell in a program and did not explain why. Harrell seeks monetary damages under several theories, including violations of his Fourteenth Amendment rights, negligence, false imprisonment, defamation, loss of consortium, negligent and intentional infliction of emotional distress, libel, and slander.

### II.     LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at

United States District Court
Northern District of California

633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**III.    DISCUSSION**

**A.  Federal Claims**

**1.    Lee and Campari**

Insofar as Harrell raises federal claims against Defendants Lee and Campari, his claims are identical to claims he raised in an earlier case, *Harrell v. Lee*, Case No. 25-cv-07433-NW.  These claims are **DISMISSED** as duplicative.  *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007).  Further, because the claims are frivolous, they are dismissed without leave to amend.  *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

**2.    Judge Dunleavy**

To the extent Harrell alleges a claim for damages against Judge Dunleavy— a state court judge— he fails to state a cognizable federal claim because judges are absolutely immune from suit for damages under 42 U.S.C. § 1983.  *See Pierson v. Ray*, 386 U.S. 547, 553–55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (state court judges have absolute immunity from suit for damages, not just the assessment of damages).  This claim is therefore **DISMISSED WITHOUT LEAVE TO AMEND**.  *See Wheeler*, 894 F.3d at 1059.  If Harrell wishes to challenge his conviction, custody, or sentence, he must do so through a habeas corpus petition.  *See Skinner v. Switzer*, 562 U.S. 521, 533–34 (2011) (habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement).

**B.  State Law Claims**

Given that Harrell fails to state a cognizable federal claim, the Court presently has no basis for jurisdiction over Harrell's state law claims.  Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Generally, original federal jurisdiction is premised on federal question jurisdiction or diversity jurisdiction.  Here, Harrell has not asserted a cognizable violation of federal law or

United States District Court
Northern District of California

diversity jurisdiction.  Where a plaintiff is acting pro se and the Court finds that the plaintiff's complaint fails to state a cognizable federal claim (*see* 28 U.S.C. § 1915(e)(2)), the Court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend unless the deficiencies clearly cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Given that Harrell's federal claims are frivolous, and the Complaint indicates that there is no diversity jurisdiction, these claims are **DISMISSED WITHOUT PREJUDICE** to Harrell seeking relief in the appropriate venue.

**IV.    CONCLUSION**

The Court orders as follows:

1.  The federal claims against Lee, Campari, and Dunleavy are **DISMISSED WITHOUT LEAVE TO AMEND**.

2.  The state law claims are **DISMISSED WITHOUT PREJUDICE** to Harrell seeking relief in the appropriate venue.

3.  As no further claims or Defendants remain, the case is **DISMISSED**.

4.  The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated: January 27, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California